**HUNT OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent (two cases).

Nos. 15799, 15928.

United States Court of Appeals
Fifth Circuit.

June 30, 1956.

Rehearing Denied Aug. 21, 1956.

---

William S. Richardson, Dallas, Tex., Robert E. May, Washington, D. C., Ralph B. Shank, Shank, Dedman & Payne, Dallas, Tex., Wheat, May & Shannon, Washington, D. C., for petitioner.

Willard W. Gatchell, Gen. Counsel for Federal Power Commission, Lambert McAllister, Asst. Gen. Counsel, C. Louis Knight, Washington, D. C., for respondent.

Before BORAH, RIVES and BROWN, Circuit Judges.

BORAH, Circuit Judge.

These two cases which were consolidated for trial and are here on a single record are companion cases to Humble Oil & Refining Company v. Federal Power Commission, 5 Cir., 236 F.2d 819. As in Humble Oil, petitioner has also invoked the jurisdiction of this Court under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), and is seeking a review of two orders of the Federal Power Commission, issued on June 23, 1955 and October 28, 1955, respectively, by which the Commission suspended for a period of five months two proposed increases in rates charged by petitioner for natural gas sold to United Gas Pipe Line Company under its contract dated July 7, 1952.

The questions presented by the petitions for review are identical to those raised in the Humble Oil case, that is, the reviewability and, if reviewable, the validity of the Commission's orders; and petitioner is here urging the invalidity of the orders on two of the grounds which were relied upon in the Humble Oil case. Other and additional contentions raised by petitioner herein, however, differ from those which were presented in Humble Oil and a review of the pertinent facts is necessary to properly dispose of them.

In compliance with the regulations of the Commission which were promulgated in its series of 174-Orders, petitioner on October 5, 1954, filed under protest and with jurisdictional reservations the aforementioned contract, as amended, reflecting rates and charges in effect on June 7, 1954, for the wholesale of natural gas to United. Petitioner's contract as then filed required United to pay 13.5 cents per Mcf. for the period June 1, 1954 to June 1, 1955, 14.5 cents for the period June 1, 1955 to November 1, 1955, and 21.20 cents for the period November 1, 1955 to November 1, 1956, which prices included reimbursement of the Louisiana gas gathering tax. On May 31, 1955, under like protest, petitioner filed a "Notice of 'Change' in Rate

Schedule" which contained the price adjustment provisions of the above contract for increase in rates and charges from 13.5 cents to 14.5 cents per Mcf., effective on June 1, 1955. On June 23, 1955, the Commission issued an order almost identical to that issued in the Humble Oil case in which it ordered that a public hearing be held upon a date to be fixed by the Commission, and suspended the proposed changes in rates and charges.[1] Thereafter, petitioner filed a timely application for rehearing and for reconsideration and vacation of the June 23 suspension order, and in the alternative, for a shortened suspension period and for stay of said order. The Commission, being of opinion that the grounds alleged in the application did not present any questions of fact or principles of law which warranted any change in or modification of its June 23 order, issued an order on August 18, 1955, denying a rehearing. Thereupon and on September 28, 1955, petitioner filed its petition for review of the June 23 suspension order.

Meanwhile, and before a date had been set for the hearing on the reasonableness of the rate increase which was to have been effective on June 1, and while the petition for review of the order suspending that change was pending in this Court, petitioner, on September 22, 1955, had filed under protest, a second "Notice of 'Change' in Rate Schedule" which contained the further provision of the sales contract with United for increase in price to 21.20 cents per Mcf. to be effective on November 1, 1955. The Commission also suspended this change in rate by an order issued on October 28, 1955, pending a hearing to be had on a date thereafter to be fixed upon notice from the Secretary. The reasons assigned and the Commission's findings were identical to those set forth in the June 23 suspension order. On November 14, 1955, petitioner filed an application for rehearing and for reconsideration and vacation of the second suspension order, and in the alternative, for a shortened suspension period and for stay of that order. This application was likewise denied by the Commission in an order issued on December 2, 1955, and the reasons stated for its denial of rehearing were the same as those set forth in its order of August 18 in which it had previously denied a rehearing of the June 23 suspension order. Following the denial of this application for rehearing, petitioner filed a second petition for review in which it sought to have the October 28 suspension order vacated.

Petitioner claims that both of the suspension orders are invalid and it seeks to have them set aside if not *in toto,* at least to the extent that they apply to sales of natural gas to United for industrial use only. Here, as in Humble Oil & Refining Company v. Federal Power Commission, supra, two of the grounds urged for the invalidity of the suspension orders are: (1) that the prices involved were contract prices and as such constituted the "initial" rate filed by petitioner which is not subject to suspension under Section 4 of the Act, 15 U.S.C.A. § 717c; and (2) that the orders are void because they do not give "reasons" for the suspension as required by the Act. In addition, petitioner further urges that both orders are invalid inasmuch as they suspend an increase in rates for sales of gas for industrial use only. As supportive of its claim that a considerable portion of the gas sold to United is exempt from the suspension

---

1. The reasons given by the Commission for suspending the rates were: "The increased rates and charges proposed in the aforesaid filing have not been shown to be justified, and may be unjust, unreasonable, unduly discriminatory, or preferential, or otherwise unlawful." The Commission's findings were: "It is necessary and proper in the public interest and to aid in the enforcement of the provisions of the Natural Gas Act that the Commission enter upon a hearing concerning the lawfulness of the said proposed changes, and that the above-designated supplement be suspended and the use thereof deferred as hereinafter ordered."

provisions of Section 4,[2] petitioner cited a statistical publication of the Commission[3] showing that for the year ended December 31, 1953, United was making sales of some 477,542,604 Mcf. out of a total 1,040,496,749 Mcf. to main line industrial customers. Finally, petitioner contends that the order of October 28 is void because it was issued more than thirty days after the notice of change in rate had been filed with the Commission, contrary to the statutory notice provisions of Section 4(d) of the Act.

We think that the legal principles in respect to the reviewability of the orders here involved are identical with those presented in Humble Oil & Refining Company v. Federal Power Commission, supra, and what we said there is dispositive of this case. Accordingly, and for the reasons there stated at length, we conclude that the petitions for review must be dismissed for lack of jurisdiction.

Dismissed.

JOHN R. BROWN, Circuit Judge, dissenting. For dissenting opinion see 236 F.2d 785.

On Petition for Rehearing

PER CURIAM.

As neither of the judges who concurred in the decision of the Court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.

JOHN R. BROWN, Circuit Judge, dissents.

2. Section 4 of the Natural Gas Act which gives the Commission authority to suspend new rate schedules contains the following proviso: "Provided, That the Commission shall not have authority to suspend the rate, charge, classification, or service for the sale of natural gas for resale for industrial use only * * *."

3. Statistics of Natural Gas Companies 1953 Compiled from Annual Reports Submitted by Natural Gas Companies Pursuant to the Requirements of the Natural Gas Act, p. 402A.